IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DUANE TACKETT,

      Petitioner

VS.

MICHELL MARTIN, WARDEN,

      Respondent

NO.  5:08-CV-411 (CAR)

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION TO DISMISS

Petitioner Duane Tackett has filed a petition herein seeking federal habeas corpus relief. Tab #1.  Respondent Michell Martin has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Tab #13.  Petitioner Tackett has responded to the respondent's motion.  Tab #16.

### LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

 *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

 *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

 *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

 *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

Petitioner Tackett pled guilty to, and was convicted of, kidnaping with bodily harm, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in the Superior Court of Bibb County, Georgia on February 6, 1987. He was sentenced to life imprisonment plus ten (10) years consecutive. He did not seek an appeal.

On October 31, 2005, petitioner Tackett filed a *state* habeas corpus petition in the Superior Court of Gwinnett County, Georgia. Following the April 6, 2007 denial of relief by the *state* habeas corpus court, petitioner Tackett's applied for a certificate of probable cause to appeal. His application was dismissed as untimely by the Georgia Supreme Court on October 29, 2007. Petitioner Tackett then filed the instant action on October 9, 2008. Respondent Martin subsequently filed his motion seeking dismissal to which the petitioner has responded.

DISCUSSION

Upon review of the positions of the petitioner and respondent herein, the undersigned finds the respondent's conclusion that the instant petition is untimely filed persuasive. In support of this conclusion, the undersigned makes the following observations; (1) Petitioner Tackett's convictions became final several years before the 1996 enactment of the AEDPA; (2) Following the 1996 enactment of the AEDPA, the petitioner had a one-year grace period in which to file a federal habeas petition;[1] (3) Petitioner Tackett failed to execute a federal habeas corpus petition until October 9, 2008, long after the expiration of the aforementioned grace period; and, (4) Petitioner Tackett's arguments for the court to consider his federal petition despite its being untimely are insufficient insofar as they are unsupported and conclusory.

---

[1] See *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

In light of the foregoing, it is clear that petitioner Tackett has exceeded the one-year period of limitations and that his federal petition was untimely filed.  Accordingly, the respondent's motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST** **ADDRESS** provided by him.

**SO RECOMMENDED**, this 16th day of DECEMBER, 2009



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE